In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3451

MICHAEL SIEGEL,

*Plaintiff-Appellant,*

*v.*

SHELL OIL COMPANY,
a Delaware corporation, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-00035—**Amy J. St. Eve,** *Judge.*

ARGUED APRIL 19, 2010—DECIDED JULY 30, 2010

Before BAUER and SYKES, *Circuit Judges*, and GRIESBACH,
*District Judge.*\*

BAUER, *Circuit Judge.* Michael Siegel, like many Americans, didn't like the price he was paying for gasoline.
So he sued five of the eight largest oil companies. Siegel

_____

\* Hon. William C. Griesbach, District Judge for the Eastern
District of Wisconsin, is sitting by designation.

moved for class certification, seeking relief under both the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, and the common law doctrine of unjust enrichment. The district court denied class certification and entered summary judgment for the defendants. We affirm.

## I. BACKGROUND

Siegel initiated this consumer class action on behalf of himself and all others similarly situated, asserting that the defendants acted in concert by manipulating refinery margins and capacity to reduce the nation's supply of gasoline, and that this manipulation caused him to purchase the defendants' branded gasoline at artificially inflated prices. Siegel testified at his deposition that he purchased gasoline out of necessity, and that when he needed to make his purchase, he looked to pricing, location, quality, and convenience as factors to consider in deciding where to go, with convenience being the number one factor in his determination. He also testified that he continued to purchase the defendants' gasoline after he believed the defendants were engaging in unfair conduct and that he could (and did) purchase gasoline from non-defendants.

Instead of bringing suit under antitrust law, Siegel brought suit under ICFA, contending the defendants' purported manipulation of the nation's supply of gasoline constituted an unfair practice that resulted in artificially inflated prices at the pump. Siegel also sought recovery under the common law theory of unjust enrich-

ment, arguing that the defendants' intentional restriction of the nation's supply of gasoline unjustly inflated the price of gasoline throughout Illinois.

After first moving for certification of a nationwide class and multi-state classes or subclasses of retail gasoline purchasers (which the district court denied), Siegel moved for certification of a class comprising only Illinois retail purchasers of gasoline, which the district court also denied. In denying class certification, the district court concluded that Siegel could not establish through common proof that the allegations against the defendants proximately caused harm to each member of the putative class. This court then denied Siegel's Fed. R. Civ. P. 23(f) Petition for Leave to Appeal.

Then, the district court granted the defendants' motion for summary judgment.

Specifically, the district court held that Siegel could not prevail under his unfair practices claim because he failed to set forth sufficient evidence that *but for* the defendants' purportedly unfair conduct, he would not have purchased their gasoline. The district court reached its conclusion based on Siegel's deposition testimony, where he testified that many factors affected his gasoline purchases, including necessity, price, location, quality of gasoline, convenience, and environmental concerns, and that during the relevant time period, he purchased gasoline from non-defendants. Further, Siegel testified that he did not change his gasoline purchasing habits but continued to purchase the defendants' gasoline even after he believed they were engaging in unfair conduct.

The district court also ruled that Siegel could not prevail on his unjust enrichment claim based on the defendants' conduct under ICFA, reasoning that because he could not establish a private cause of action under ICFA, unjust enrichment could not serve as the basis for liability.

Finally, the district court entered judgment in favor of the defendants on Siegel's deceptive practices claim under ICFA, his unjust enrichment claim sounding in quasi-contract, and his civil conspiracy claim. Siegel does not appeal these rulings.

## II. DISCUSSION

ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). The elements of a claim under ICFA are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *See id.* at 960; *see also Rickher v. Home Depot, Inc.*, 535 F.3d 661, 665 (7th Cir. 2008).

A plaintiff is entitled to recovery under ICFA when there is unfair or deceptive conduct. *Robinson*, 775 N.E.2d at 960. A plaintiff may allege that conduct is unfair under ICFA without alleging that the conduct

is deceptive. *Saunders v. Mich. Ave. Nat'l Bank*, 662 N.E.2d 602, 608 (Ill. App. Ct. 1996). While charging an unconscionably high price generally is insufficient to establish a claim for unfairness, whether a practice is unfair depends on a case-by-case analysis. *Id. Robinson* adopted the three-prong test used by the Connecticut Supreme Court in *Cheshire Mortgage Service, Inc. v. Montes*, 612 A.2d 1130, 1143 (Conn. 1992), to determine unfairness and held a defendant's conduct must: (1) violate public policy; (2) be so oppressive that the consumer has little choice but to submit; and (3) cause consumers substantial injury. 775 N.E.2d at 961. A court may find unfairness even if the claim does not satisfy all three criteria. *Id*. *Robinson* did not discuss *Montes'* analysis regarding what constitutes a substantial injury, but we find it instructive: the injury must: (1) be substantial; (2) not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) be an injury that consumers themselves could not reasonably have avoided. *Montes*, 612 A.2d at 1147.

In addition, to prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002) ("Unlike an action brought by the Attorney General under [ICFA], which does not require that 'any person has in fact been misled, deceived or damaged[,]' . . . a private cause of action brought under [ICFA] requires proof of 'actual damage.' . . . [and] proof that the damage occurred 'as a result of' the deceptive act or practice." (citations omitted)); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-15 (7th Cir.

2006); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 861 (Ill. 2005) ("Proximate causation is an element of all private causes of action under the Act."). So Siegel must set forth sufficient evidence creating a genuine issue of material fact that "but for" the defendants' unfair conduct, he would not have been damaged, i.e., he would not have purchased the defendants' gasoline at artificially inflated prices.

### A. Class Certification

Siegel appeals the district court's ruling denying his motion for certification of an Illinois consumer class (and its ruling denying his motion for reconsideration). We review the district court's decision to deny class certification for abuse of discretion. *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007).

A district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b). *Oshana*, 472 F.3d at 513. Under Rule 23(b)(3), a district court must determine whether "the questions or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Here, Siegel sought certification of "[a]ll purchasers who made retail purchases of any Defendants' branded

gasoline in Illinois during the period from and including December 2, 2000, through and including September 5, 2008." Without needing to address the Rule 23(a) requirements, the district court denied class certification finding that Siegel failed to demonstrate that common class issues predominated over individual issues under Rule 23(b)(3). In reaching this decision, the district court focused on the elements of an ICFA claim and concluded that it would be required to make individual determinations concerning why a plaintiff bought gasoline from a particular supplier (*e.g.*, price, necessity, convenience, location, or quality of gasoline) to discern whether the defendants' conduct proximately caused each plaintiff's injuries. Because of the need for individualized proof of causation, the district court held that common class issues did not predominate.

On appeal, Siegel argues that the defendants' unfair conduct can readily be proven on a class-wide basis without the need for individual determinations. He asserts that inquiry into the circumstances surrounding each individual class member's gasoline purchases is not necessary because he can establish proximate cause through the following: "(1) Defendants conspired to artificially raise the retail price of gasoline; (2) Plaintiff and Class members purchased Defendants' branded gasoline; (3) Plaintiff and Class members had no meaningful opportunity to avoid paying the higher retail price; and (4) Plaintiff and Class members were damaged by way of paying the higher retail gasoline prices than they would have paid absent Defendants' conduct." Pl. Br. at 18. He cites *Windy City Metal Fabricators &*

*Supply, Inc. v. CIT Technical Fin*., 536 F.3d 663, 672 (7th Cir. 2008), to support his argument that proximate cause is established merely by asserting plaintiffs suffered a loss as a result of a defendant's conduct.

Siegel's arguments are not persuasive. According to Siegel, proof that plaintiffs purchased gasoline during a specified time period is sufficient to prove that they suffered harm based on the defendants' conduct. However, Siegel cannot establish that the plaintiffs purchased gasoline for the same reason. Indeed, Siegel himself has named a number of factors he considers in determining where to purchase his gasoline. And absent proof as to why a particular plaintiff purchased a particular brand of gasoline, Siegel cannot establish that the defendants' conduct caused him or her to make that purchase. *See Robinson*, 775 N.E.2d at 962 (oppression not proved because plaintiffs could have "gone elsewhere" to lease a car and avoid defendant's penalty provisions). Siegel's own testimony that he could—and did—purchase gasoline from non-defendants undermines his claim that he "had no meaningful opportunity to avoid paying the higher retail price," and thus, whether or not a class member could have avoided the defendants' conduct is an individualized question of fact. *Windy City* is distinguishable because there we reversed the district court after it had erroneously dismissed an ICFA claim under a heightened pleading standard.

We conclude that the district court did not abuse its discretion in determining that questions of fact com-

mon to class members did not predominate over any questions affecting only individual members.

### B.  Unfair Practices and Unjust Enrichment

We now proceed to analyze the district court's entry of summary judgment against Siegel on his individual ICFA unfair practices claim and unjust enrichment claim sounding in tort. On appeal, Siegel does not contend that the defendants' conduct was deceptive, does not dispute that the price he paid was clearly advertised at the gasoline station, and does not argue that he had to purchase the defendants' branded gasoline. But, Siegel maintains that the defendants engaged in unfair practices by manipulating gasoline prices and that, as a result of the defendants' conduct, he paid too much for their gasoline.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive a summary judgment

motion; there must be evidence on which the jury could reasonably find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). We review the grant of summary judgment de novo. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).

We can sympathize with Siegel's contention that gasoline is expensive. No one likes to pay high prices for gasoline. Or for any commodity. But absent proof that *but for* the defendants' conduct, he would not have purchased the defendants' gasoline, he is not entitled to relief under ICFA. While it is true that Siegel need not establish all three criteria of unfairness under *Robinson* to establish his ICFA claim, he must prove causation, i.e., that he was harmed and that the defendants' conduct caused his harm.

We conclude that Siegel does not satisfy either prong of proximate causation: he fails to show that he was harmed and he fails to demonstrate that the defendants' conduct caused him harm. Even if Siegel could establish that the defendants' conduct was unfair, in order to establish harm under *Montes,* Siegel must still show that he suffered substantial injury, and that he could not avoid this injury. 612 A.2d at 1147. Siegel cannot establish harm because he testified that he could (and did) purchase gasoline from stations owned by non-defendants, and that he continued to purchase gasoline from the defendants even after he brought this lawsuit. And Siegel cannot show that the defendants' conduct *caused* him to purchase their gasoline, because many factors contributed to Siegel's gasoline purchasing deci-

sion; his claim that the defendants' conduct caused him to purchase their gasoline at "artificially inflated prices" is therefore undermined.

His unjust enrichment claim carries similar short-comings. To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). A claim of unjust enrichment "is not a separate cause of action that, standing alone, will justify an action for recovery." *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009). Here, Siegel's theory of unjust enrichment is based on the defendants' conduct which he deemed unfair under ICFA. We rejected his ICFA claim. And absent that the defendants engaged in an unfair practice, Siegel's unjust enrichment claim is not viable. *See Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007).

## III. CONCLUSION

For the reasons stated above, the denial of class certification and judgment in favor of the defendants are AFFIRMED.